IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STOEBNER MOTORS, INC., | ) | CIVIL NO.  06-00446 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING IN PART AND |
| | ) | GRANTING IN PART DEFENDANT |
| AUTOMOBILI LAMBORGHINI | ) | AUTOMOBILI LAMBORGHINI |
| S.P.A.; JOHN DOES 1-10; JANE | ) | S.P.A.'S MOTION TO DISMISS |
| DOES 1-10; DOE CORPORATIONS | ) | |
| 1-10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE JOINT VENTURES 1-10; AND | ) | |
| DOE LIMITED LIABILITY | ) | |
| COMPANY 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT
AUTOMOBILI LAMBORGHINI S.P.A.'S MOTION TO DISMISS

I. INTRODUCTION

Defendant Automobili Lamborghini S.P.A. ("Lamborghini") has

moved the court to dismiss the Complaint filed by Plaintiff Stoebner Motors, Inc.

("Stoebner").  Stoebner purchased a Lamborghini automobile, which was covered

by a written warranty that Stoebner claims Lamborghini breached in violation of

federal and state law.  Lamborghini seeks to dismiss the Complaint for failure to

state a claim.  A hearing was held on October 16, 2006.  Based on the following,

the court DENIES in part and GRANTS in part the Defendant's motion.

## II. <u>BACKGROUND</u>

Plaintiff Stoebner Motors, Inc. alleges that it purchased a

Lamborghini Murcielago from a dealer in Honolulu for $285,579.31 in July 2002.

According to Stoebner, the Murcielago was warranted in writing by Lamborghini

to be free from mechanical and other defects for 2 years or 24,000 miles,

whichever occurred first.  Lamborghini extended the warranty by one additional

year because of mechanical defects.  Stoebner alleges that, since its purchase, there

have been multiple unsuccessful attempts to repair warranty non-conformities and,

as a result, the Murcielago has been out of service for over one year.  Specifically,

Stoebner alleges that the Murcielago has been repaired several times for

transmission and drive-train problems.  The last attempted repair occurred on

February 17, 2005.

On March 6, 2006, Stoebner filed a Complaint against Lamborghini

in the First Circuit Court in the State of Hawaii.  Stoebner's Complaint includes

two counts:  Count I alleges that Lamborghini violated the federal Magnuson-

Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.; Count II alleges that

Lamborghini breached its warranty and the implied covenant of good faith and fair

dealing by failing to have the vehicle repaired in a timely manner.  Stoebner seeks all available remedies described in the MMWA; rescission of the purchase of the vehicle; a refund of the purchase price, together with incidental and collateral costs actually incurred; prejudgment interest on all liquidated sums; and costs and attorney fees.

Lamborghini filed its Notice of Removal and Motion to Dismiss Complaint on August 16, 2006.  Lamborghini argues in its motion that (1) under the MMWA, Plaintiff lacks standing because it is not a "consumer" and the Murcielago is not a "consumer product"; (2) Plaintiff's remedies are limited by the Defendant's written warranty; (3) Plaintiff does not specify the legal basis for the alleged breach of warranty in Count II of the Complaint; (4) the breach of the implied duty of good faith and fair dealing is not a cause of action recognized by Hawaii courts; and (5) rescission is not available as a remedy to Plaintiff.

The court DENIES Lamborghini's motion as to Count I.  As to Count II, the court GRANTS Lamborghini's motion as to the breach of the implied covenant of good faith and fair dealing claim, and DENIES Lamborghini's motion as to the breach of warranty claim. The court also concludes that rescission is not an available remedy in this case.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law however, are insufficient to defeat a motion to dismiss." *Id.* Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*

### IV. ANALYSIS

A.    Stoebner Has Standing Under the Magnuson-Moss Warranty Act

Lamborghini argues that Stoebner lacks standing because Stoebner is not a "consumer" and the Murcielago is not a "consumer product" as defined in the MMWA. The court disagrees with both of Lamborghini's arguments.

### 1.     The Murcielago is a "consumer product"

The MMWA regulates the content of written warranties and creates a federal right of action against any covered warrantor who breaches a written or implied warranty.  The MMWA applies to all written warranties issued to a "consumer" with respect to the sale of a "consumer product."  15 U.S.C. §§ 2301, 2302, 2304, 2305.

Under the MMWA, the "term 'consumer product' means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes[.]"  15 U.S.C. § 2301(1).  The Murcielago is clearly "tangible personal property which is distributed in commerce"; the parties disagree, however, over whether the Murcielago is "normally used for personal, family, or household purposes."

Lamborghini argues that "[a]s a corporation, Plaintiff could not have purchased the Murcielago for personal, family, or household purposes." Defendant's Motion to Dismiss at 10.  Lamborghini also claims that "Plaintiff cannot use the car for personal, family or household purposes because it is not a natural person."  Defendant's Reply at 3 n.2.  Stoebner, on the other hand, asserts that it is not the status of the buyer (e.g., a corporation), but rather the status of the product itself, that determines whether it is a consumer product.  *See* Plaintiff's

5

Opposition at 5.  Stoebner is correct on this point:  it is the normal or common "use" of a product that determines whether it is a "consumer product" under the MMWA.

The court starts with the statute's plain language.  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).  "If the plain language of a statute renders its meaning reasonably clear, [the court] will not investigate further unless its application leads to unreasonable or impracticable results."  *Id.* at 1004-05 (citation and quotation marks omitted).  An automobile is clearly a product that is "normally used for personal, family, or household purposes."  The court concludes that this phrase is not ambiguous; there is no statutory directive to examine the status of the owner to determine how the product is normally used. *See also Najran v. Fleetwood Enters., Inc.,* 659 F. Supp. 1081, 1099 (S.D. Ga. 1986) ("[I]f a *type* of product is 'normally used' for consumer purposes, then that product in any given case is a consumer product within the meaning of the [MMWA] regardless of whether it was used for commercial purposes").  Thus, the particular use to which a plaintiff puts the product is not determinative; it is the type of product that matters.

The factual dispute between the parties regarding Stoebner's assumed or actual use of the Murcielago is immaterial.  Here, the type of product -- an

automobile -- is a consumer product under the MMWA because it is normally used

for personal, family or household purposes.[1]

> **2.     The determination as to whether Stoebner Motors, Inc. is a "consumer" cannot be made at this stage in the proceedings**

Under the MMWA, "consumer" is defined as:

> [A] buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

15 U.S.C. § 2301(3).

---

[1] The federal regulations promulgated under the MMWA support the court's conclusion:

> [A] product is a "consumer product" if the use of that product is not uncommon.  The percentage of sales or the use to which a product is put by any individual buyer is not determinative.  *For example, products such as automobiles and typewriters which are used for both personal and commercial purposes come within the definition of consumer product.*  Where it is unclear whether a particular product is covered under the definition of consumer product, any ambiguity will be resolved in favor of coverage.

16 C.F.R. 700.1(a) (1983) (emphasis added).  Further, even though the plain language of the statute obviates the need to consult legislative history, the court also notes that the legislative history of the MMWA supports the court's interpretation of the statute.  "There are many products which fall within this definition [of consumer product] which are also used for other than personal, family or household purposes.  *For example, automobiles which are used for business purposes.*  Such items are consumer products for the purposes of this legislation."  H.R. Rep. No. 93-1107 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7702, 7717 (emphasis added).

The Complaint alleges that on "July 10, 2002, the plaintiff purchased a Lamborghini Murcielago from a dealer in Honolulu, Hawaii."  Complaint, ¶3. Stoebner has clearly alleged that it is a "buyer" under the MMWA.

Lamborghini argues that Stoebner is not a consumer because it is a corporation[2] and "Plaintiff Stoebner Motors, Inc., as its name implies, could only have purchased the Murcielago for a resale."  Defendant's Motion to Dismiss at 9. The Complaint is silent on the purpose of Stoebner's purchase.  Lamborghini *assumes* that Stoebner could only have purchased the Murcielago for resale. Stoebner, on the other hand, argues that there are no facts to support Lamborghini's assumption.  Stoebner claims that, reading the Complaint in the light most favorable to the plaintiff, the opposite conclusion can be drawn -- that the car was purchased for purposes other than resale.  Stoebner asserts that the car has remained in its ownership and possession for over four years, which is evidence that it did not intend to purchase the car for resale.

Although there is nothing on the face of the Complaint to indicate whether Stoebner purchased the Murcielago for resale, Stoebner may be able to

---

[2] To the extent Lamborghini argues that a corporation cannot be a consumer, the claim is without merit.  The statute's definition of consumer does not limit the term to natural persons or otherwise exclude corporations.  *See Najran v. Fleetwood Enters., Inc.,* 659 F. Supp. 1081, 1099 (S.D. Ga. 1986) (explaining that "a commercial buyer can assert a claim under the Magnuson-Moss Act if it has purchased a consumer product covered by an appropriate warranty").

prove facts (that is, that it purchased the vehicle "other than for purposes of resale") in support of its MMWA claim which would entitle it to relief.  Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Balistreri,* 901 F.2d at 699 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court concludes that the Murcielago is a consumer product and that Stoebner may be able to prove that it is a consumer under the MMWA.  Stoebner, therefore, has standing under the MMWA. Lamborghini's motion is DENIED as to Count I.

B.  <u>Stoebner's Remedies Are Not Limited to the Written Warranty Under the MMWA</u>

Because the court concludes that Stoebner has standing under the MMWA, Stoebner's remedies are not limited to the terms of any warranty, but are instead governed by the statute itself.  The MMWA creates a private right of action and does not limit remedies for breach of warranty to the terms of the warranty.  The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty or service contract, may bring suit for

damages and other legal and equitable relief[.]"  15 U.S.C. § 2310(d)(1).[3]

Therefore, Stoebner may seek damages and other legal and equitable relief under

the MMWA, which may not otherwise be allowed by Lamborghini's warranty.

C.   Stoebner Specifies a Legal Basis for the Alleged Breach of Warranty in
     Count II

          Stoebner alleges that Lamborghini "breached the warranty . . . by

failing to have the vehicle repaired in a timely manner."  Complaint at 10.

Lamborghini, in turn, argues that, "Plaintiff fails to allege any violation of the

Hawaii law that governs any warranties for the sale of the Murcielago[.]"

Defendant's Motion to Dismiss at 15.  The court disagrees, concluding that

Stoebner has sufficiently pled a cause for action for breach of warranty under

Hawaii state law.

          A claim for breach of warranty is recognized under Hawaii law.  *See*

HRS §§ 490:2-313 (discussing the creation of express warranties); 490:2-314

(discussing the implied warranty of merchantability); 490:2-316(4) (discussing

limitations on remedies for breach of warranty); 490:2-714 (discussing the

measure of damages for breach of warranty); *see also Torres v. Nw. Eng'g Co.*, 86

Haw. 383, 393, 949 P.2d 1004, 1014 (Haw. App. 1997) (explaining that "[t]he gist

---

[3] The Ninth Circuit recently stated, "whether the written warranty is full or limited makes no difference."  *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912,  917 (9th Cir. 2005).

of a breach of express warranty action thus focuses on (1) what the seller agreed to

sell; and (2) whether the product delivered by the seller complied with the

statements or description of what the seller agreed to sell"); *Ontai v. Straub Clinic*

*& Hosp.,* 66 Haw. 237, 659 P.2d 734 (1983) (holding that a plaintiff can assert an

implied warranty claim without stating a claim under the original contract of sale).

*Neilsen v. American Honda Motor Co., Inc.* states the required

elements for breach of warranty claims:

> In a breach of implied warranty of merchantability claim,
> Plaintiff must show (1) the seller is a merchant of such goods,
> and (2) the product was defective or unfit for the ordinary
> purpose for which it is used.  In a breach of express warranty
> claim, Plaintiff must prove that (1) Defendants made an
> affirmation of fact or promise regarding the product, (2) that
> statement became part of the basis of the bargain, and (3) the
> product failed to perform according to the statement.  In a
> breach of implied warranty for fitness of purpose claim,
> Plaintiff must prove that (1) Plaintiff desired a product for a
> particular purpose, (2) Defendants had reason to know about
> this purpose, and (3) the product sold to Plaintiff failed to meet
> that purpose.

92 Haw. 180, 190-91, 989 P.2d 264, 274-75 (App. 1999) (citations omitted).

Stoebner alleges facts sufficient to state a claim for breach of an express warranty,[4]

claiming that:  (1) Lamborghini made an affirmation of fact or promise regarding

---

[4] At the hearing, Stoebner's counsel clarified that Stoebner is suing solely for breach of
Lamborghini's express warranty, and not for breach of an implied warranty of merchantability or
breach of an implied warranty for fitness of purpose.

the Murcielago in the written warranty; (2) the written warranty is part of the basis of the bargain; and (3) the Murcielago has been out of service and Lamborghini has failed to make repairs in accord with the written warranty. Complaint, ¶¶5, 6, 10; *see* HRS § 490:2-313; *Torres*, 86 Haw. at 391-94, 949 P.2d at 1012-15. Stoebner, therefore, has alleged a violation of the Hawaii law that governs warranties for the sale of the Murcielago.

Lamborghini appears to rely on the lack of privity between itself and Stoebner. Lack of privity, however, will not bar a breach of warranty claim. *See* HRS § 490:2-313, Official Comment 2 (stating that the warranty sections of Article 2 are not designed in any way to disturb those lines of case law that have recognized that warranties need not be confined to the direct parties to a contract).

Although Hawaii courts have not ruled on whether a remote purchaser can sue a manufacturer for breach of warranty absent a contract, other courts have concluded that lack of privity between purchaser and manufacturer does not bar a breach of warranty claim. *See, e.g., Hyundai Motor Am., Inc. v. Goodin*, 822 N.E. 2d 947 (Ind. 2005) (applying Indiana law, holding that lack of vertical privity between buyer, who purchased car from a dealership, and car manufacturer did not preclude buyer from asserting claim for economic loss against manufacturer for breach of manufacturer's implied warranty of

12

merchantability); *Alloway v. Gen. Marine Indus., L.P.*, 695 A.2d 264 (N.J. 1997) (applying New Jersey law, holding that absence of privity does not bar a buyer from reaching through the chain of distribution to the manufacturer); *Crews v. W.A. Brown & Son, Inc.*, 416 S.E.2d 924 (N.C. App. 1992) (applying North Carolina law, holding that lack of privity is not a defense to products liability action against manufacturer based on the breach of express warranty directed by the manufacturer to the ultimate purchaser); *Recold, S.A. de C.V. v. Monfort of Colo., Inc.*, 893 F.2d 195 (8th Cir. 1990) (applying Colorado law, holding that remote purchaser of refrigeration equipment was a person reasonably expected to use it and therefore could sue manufacturer for breach of warranty); *Chem Tech Finishers, Inc. v. Paul Mueller Co.*, 375 S.E.2d 881 (Ga. App. 1988) (applying Georgia law, finding that remote buyer has a right of action against the manufacturer on its express warranty if it appears that both parties to the contract intended such buyer to be a beneficiary of the warranty); *Walsh v. Ford Motor Co.*, 612 F. Supp. 983 (D.D.C. 1985) (applying New Jersey law, finding requirement of vertical privity for claims of breach of implied or written warranties has been eliminated, and such elimination is not limited to commercial purchasers or to those situations in which there were direct dealings between the parties); *Autrey v. Chemtrust Indus. Corp.*, 362 F. Supp. 1085 (D. Del. 1973)

(concluding that under Florida law, one party can sue another in the distributive chain for breach of warranty notwithstanding lack of privity).

Even if Stoebner were only a third-party beneficiary of a warranty with the manufacturer,[5] Stoebner could still be covered by the warranty under HRS § 490:2-318, which provides:

> A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty.  A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.

The court concludes that Stoebner can sue for a breach of express warranty without stating a claim under the original contract.  Therefore, Stoebner states a claim upon which relief can be granted in Count II.

\\\

\\\

---

[5] In Hawaii, a user of a product can clearly put forward an implied warranty claim against the manufacturer even though the user is not in privity with the manufacturer.  In *Ontai v. Straub Clinic & Hosp.,* 66 Haw. 237, 659 P.2d 734 (1983), the plaintiff was subjected to an X-ray scan while he was positioned on a vertically-inclined X-ray table.  The footrests of the table collapsed, and plaintiff was injured when he fell on the floor.  The Hawaii Supreme Court held that, "[a]lthough [plaintiff] was not in privity with [the manufacturer] in the sale of the X-ray table and footrest, the warranty to [the clinic] from [the manufacturer] extends to [plaintiff] by statute, as a third-party beneficiary, see HRS § 490:2-318." *Id.* at 248, 659 P.2d at 743.  *Ontai,* therefore, illustrates that a user can assert breach of warranty claim without stating a claim under the original contract of sale.

D.   Stoebner's Claim for Breach of the Implied Duty of Good Faith and Fair
     Dealing Is Dismissed

In Count II, Stoebner alleges that Lamborghini breached the implied

duty of good faith and fair dealing "because of its complete failure to carry out the

terms of the warranty[.]"  Plaintiff's Opposition at 9.  Lamborghini, in turn, argues

that Hawaii courts have limited such a tort claim to the first party insurance

context.

Hawaii's UCC codifies the obligation of good faith for all sales of

goods.  "Every contract or duty within this chapter imposes an obligation of good

faith in its performance and enforcement."  HRS § 490:1-203 (1993).[6]  In 2004,

Hawaii adopted Revised Article I of the UCC.  The statutory text is identical in

Revised Article I (HRS § 490:1-304 (Supp. 2005)) and the previous version (HRS

§ 490:1-203 (1993)).  The statute as amended, however, includes additional

---

[6] Hawaii courts have not reached the issue of whether this section includes warranties.
Other courts, however, have held that this section of the UCC encompasses warranties.  *See, e.g.,
Consol. Generator-Nevada, Inc., v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) ("An
implied covenant of good faith and fair dealing is recognized in every contract under Nevada
law.  As the covenant applies to '[e]very contract or duty' in the Nevada Uniform Commercial
Code, it thus applies to warranties." (Citation omitted.)); *Bennett v. Dow Chem. Co.*, 713 P.2d
992, 995 (Mont. 1986) ("[B]reach of warranty claims include breach of the implied covenants of
good faith and fair dealing, fitness for a particular purpose, merchantability and performance in a
workmanlike manner.  These covenants are imposed by law regardless of contract.  As such, and
absent contract, breach of the implied covenants sound in tort – not contract.").

language in the Official Comments that clarify the provision.  Official Comment 1

to HRS § 490:1-304 (Supp. 2005) provides in pertinent part:

> This section *does not support an independent cause of action*
> for failure to perform or enforce in good faith. . . .  This
> distinction makes it clear that the doctrine of good faith merely
> directs courts towards interpreting contracts within the
> commercial context in which they are created, performed, and
> enforced, and does not create a separate duty of fairness and
> reasonableness which can be independently breached.

(Emphasis added.)  The UCC Permanent Editorial Board ("PEB") added this

language to Official Comment 1 in 1994 "to clarify" its meaning.  *See Gilson v.*

*Rainin Instr.*, LLC, 2005 WL 1899471, at *1-2 (W.D. Wisc. 2005).  It explains:

"The inherent flaw in the view that § 1-203 supports an independent cause of

action is the belief that the obligation of good faith has an existence which is

conceptually separate from the underlying agreement. . . . [T]his is an incorrect

view of the duty."  PEB Commentary No. 10:  Section 1-203 (Feb. 10, 1994),

*reprinted in Unif. Commercial Code* app. 2, 3B U.L.A. 135, 136-37 (Supp. 2002).

      Although Hawaii courts have not yet addressed this new language in

Official Comment 1, other courts have held that the implied covenant of good faith

and fair dealing does not create an independent cause of action.  *See Tubby's #14,*

*Ltd. v. Tubby's Sub Shops, Inc.,* 2006 WL 2796181, at *16 (E.D. Mich. Sept. 27,

2006); *J.C. Penny Corp., Inc. v. Carousel Ctr. Co., L.P.*, 306 F. Supp. 2d 274

(N.D.N.Y. 2004); *Northview Motors, Inc. v. Chrysler Motors Corp*., 227 F.3d 78 (3d Cir. 2000).

Before Hawaii's adoption of § 490:1-304, the Hawaii Supreme Court commented on the limited application of the tort of bad faith, stating that the "policy considerations surrounding the adoption of the tort of bad faith in the insurance context are atypical and will not necessarily extend to all types of contracts." *Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Haw. 120, 132, 920 P.2d 334, 346 (1996). "Other jurisdictions recognizing the tort of bad faith similarly limit such claims to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." *Francis v. Lee Enters.,* 89 Haw. 234, 238, 971 P.2d 707, 711 (1999).

Based on the new language in Official Comment 1 to § 490:1-304, other courts' interpretations of the section, and the Hawaii Supreme Court's statements limiting the tort of bad faith, the court predicts that the Hawaii Supreme Court would interpret HRS § 490:1-203 (and its successor § 490:1-304) to preclude an independent cause of action for failure to perform or enforce a warranty in good faith. Because the court concludes that there is no independent cause of action, Stoebner's claim for breach of the implied covenant of good faith and fair dealing in Count II is DISMISSED.

17

E.      Rescission Is Not an Available Remedy Absent Privity

        In its prayer for relief, Stoebner seeks a judgment rescinding the

purchase of the vehicle.  Lamborghini argues that rescission not an available

remedy in this case.  Stoebner insists that rescission or revocation of acceptance

are available for breach of warranty under Hawaii's UCC.[7]

        Stoebner accurately notes that there is no case law directly on point in

Hawaii regarding whether rescission or revocation of acceptance are available

between a remote purchaser and manufacturer.  Other courts have concluded that

these remedies are not available in the absence of privity.  "Even though

revocation of acceptance can be a breach of warranty remedy. . . , [a plaintiff

---

[7] HRS § 490:2-608 provides:

    (1) The buyer may revoke his acceptance of a lot or commercial units
    whose nonconformity substantially impairs its value to him if he has
    accepted it

        (a) On the reasonable assumption that its nonconformity would be
        cured and it has not been seasonably cured; or

        (b) Without discovery of such nonconformity if his acceptance was
        reasonably induced either by the difficulty of discovery before
        acceptance or by the seller's assurances.

    (2) Revocation of acceptance must occur within a reasonable time after the
    buyer discovers or should have discovered the ground for it and before any
    substantial change in condition of the goods which is not caused by their
    own defects. It is not effective until the buyer notifies the seller of it.

    (3) A buyer who so revokes has the same rights and duties with regard to
    the goods involved as if he had rejected them.

18

cannot] seek such a remedy against a manufacturer with whom the plaintiff is not in privity." *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323 (N.D. Ga. 2004). *Gilbert* explains that

> [r]evocation of acceptance has the effect of returning the buyer and seller to the positions they were in before the transaction; allowing a buyer to pursue this remedy against the manufacturer, rather than the seller, does not achieve this result. If revocation of acceptance is the remedy plaintiffs ultimately desired, then they needed to file suit against the *seller*, the party with whom they are in privity.

*Id. See also Tolliver v. Monaco Coach Corp.*, 2006 WL 1678842, at *2 (M.D. Fla. June 16, 2006) ("[U]nder Florida law, a buyer may not maintain a revocation of acceptance claim against a non-selling, non-privity vehicle manufacturer."); *Long v. Monaco Coach Corp.*, 2006 WL 2564040, at *4-5 (E.D. Tenn. Aug. 31, 2006) (under Tennessee law, "revocation of acceptance is not an available remedy in the absence of privity. . . . If the revocation of acceptance is the remedy plaintiffs ultimately desired, then they needed to file suit against the seller[.]"); *Smith v. Monaco Coach Corp.,* 334 F. Supp. 2d 1065, 1070 (N.D. Ill. 2004) ("[T]he purpose of revocation is to cancel the sale and return the parties to *status quo ante*. Because the manufacturer was not involved in the sale transaction, it would have no role in the cancellation -- only the parties actually involved in the sale would be affected." (Citations omitted.)). The court predicts that Hawaii

19

courts would not allow rescission or revocation of acceptance without privity between the parties.

Furthermore, although rescission is allowed under the MMWA, *see* 15 U.S.C. § 2310(d)(1) (consumer "may bring suit for damages and other legal and equitable relief"), the court concludes that the remedy is not available in the absence of privity.  In order to determine whether a specific remedy is available under the MMWA, the court looks to state law.  *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) ("In drafting the Magnuson-Moss Act, Congress, while providing a substantive right of action to consumers, did not specify the appropriate measure and type of damages that are available.  As such, [courts] have turned to the applicable state law to determine what remedies are available under the Act[.]").  Because the court concludes that these remedies are not available under Hawaii law, Stoebner may not seek rescission or revocation of acceptance because it is not in privity with Lamborghini.

///

///

///

///

///

20

## V. CONCLUSION

For the foregoing reasons, this court DENIES Lamborghini's motion to dismiss as to Count I.  As to Count II, the court DENIES Lamborghini's motion as to the breach of warranty claim, and GRANTS Lamborghini's motion as to the breach of the implied covenant of good faith and fair dealing claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 25, 2006.



J. Michael Seabright
United States District Judge

*Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A. et al.*, Civ. No. 06-00446 JMS/LEK, Order Denying in Part and Granting in Part Defendant Automobili Lamborghini S.P.A.'s Motion to Dismiss