IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STOEBNER MOTORS, INC., | ) | CIVIL NO.  06-00446 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART DEFENDANT'S |
| | ) | MOTION FOR SUMMARY |
| AUTOMOBILI LAMBORGHINI | ) | JUDGMENT AND GRANTING |
| S.P.A.; JOHN DOES 1-10; JANE | ) | PLAINTIFF'S LIMITED FED. R. |
| DOES 1-10; DOE CORPORATIONS | ) | CIV. P. 56(f) REQUEST |
| 1-10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE JOINT VENTURES 1-10; AND | ) | |
| DOE LIMITED LIABILITY | ) | |
| COMPANY 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S LIMITED FED. R. CIV. P. 56(f) REQUEST**

## I. INTRODUCTION

In July 2002, Plaintiff Stoebner Motors, Inc. ("Stoebner") purchased a

Lamborghini Murcielago ("Murcielago") from Audi of Hawaii for $285,579.31.

Stoebner claims that the manufacturer, Defendant Lamborghini Automobili S.P.A.

("Lamborghini") breached the vehicle's written warranty in violation of federal

and state law.   Lamborghini now moves for summary judgment on the remaining

claims in Plaintiff's Complaint: Count 1 for violation of the federal Magnuson-Moss Warranty Act ("MMWA") and Count 2 for breach of warranty under state law.[1]  A hearing was held on June 25, 2007.  Based on the following, the court GRANTS in part and DENIES in part Lamborghini's motion and GRANTS Stoebner's request for a limited continuance under Federal Rule of Civil Procedure 56(f).

## II.  BACKGROUND

### A.    Factual Background

#### 1.    *The Express Limited Warranty*

The Murcielago was warranted in writing by Lamborghini to be free from mechanical and other defects for 2 years or 24,000 miles, whichever occurred first.  Lamborghini extended the warranty by one additional year because of mechanical defects, until July 13, 2005.  Def's. Ex. B.  Under the express limited warranty, Lamborghini warranted that each part of the Murcielago would be free from defects in material and workmanship and that Lamborghini would repair or replace the part within a reasonable time, in the event of defect, malfunction, or failure to conform to the warranty.  Def's. Ex. A.  The warranty also required

---

[1] In an October 25, 2006 Order, the court dismissed Stoebner's claim for breach of the implied covenant of good faith and fair dealing.  *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028 (D. Haw. 2006).

Stoebner to present the vehicle to an Authorized Lamborghini Dealer immediately or as soon as reasonably practicable upon discovery of the warrantable condition. Def's. Ex. A.

### 2.     Alleged Defects and Repair Attempts

Stoebner claims that there were multiple unsuccessful attempts to repair warranty non-conformities and, as a result, the Murcielago was out of service for a year.  According to service records, the vehicle was taken to the dealer six times between April 2003 and February 2005.  Pl's. Ex. A.  Morrie Stoebner[2] constantly complained of grinding and whining noises while the Murcielago was driven in certain gears; in fact, the gear box was replaced at least twice during the first year of ownership.  Stoebner Decl. ¶ 3; Pl's. Exs. A & D.

Apparently, Morrie Stoebner complained about paint gradation and discoloration across the car's panels sometime in 2003 and 2004.  *See* Pl's. Exs. D & E .  Lamborghini offered to repair the mismatched panels under the warranty, but Stoebner refused the offer to have the car repainted and instead sought $30,000 from Lamborghini.  Pl's. Ex. F.

---

[2] Morrie Stoebner is the owner through a trust of Plaintiff Stoebner Motors, Inc. dba Honda Windward.  Honda Windward holds a franchise to sell Honda automobiles in Hawaii.

Morrie Stoebner also complained of problems with the instrument panel and interior.  The dealer worked on the instrument panel during the warranty period because of noise in the instrument panel and as part of a recall.  Stoebner Decl. ¶ 15; Pl's. Ex. A at C00031, C00043.  According to Morrie Stoebner, in 2006 the instrument panel gauges stopped working altogether, leaving the driver with no indication of speed, oil pressure, and fuel supply.  Stoebner Decl. ¶ 15.

Finally, Morrie Stoebner claims that certain interior rubber components have become sticky, including the hand brake, buttons, and dials.  According to Morrie Stoebner, the "problems started with a tacky feeling on the parts [and] *may* have been reported to the dealer during the warranty period, but at the point the problem was not far enough along to do anything about it."  Stoebner Decl. ¶ 17 (emphasis added).  Stoebner obtained an estimate to fix these parts from the dealer, who did not offer to repair them under warranty.  Pl's. Ex. C.

### 3.    *The Complaint and Instant Motion*

The Complaint includes two counts:  Count 1 alleges that Lamborghini violated the federal MMWA, 15 U.S.C. § 2301 *et seq*.; Count 2 alleges that Lamborghini breached its warranty under Hawaii state law by failing to have the vehicle repaired in a timely manner.  Lamborghini seeks summary judgment on all claims.

4

Lamborghini first argues that Stoebner is not a "consumer" entitled to relief under the MMWA because it purchased the Murcielago for resale. Stoebner denies this claim. Lamborghini also argues that it did not breach its warranty because: (1) the transmission and drivetrain problems were repaired; (2) Lamborghini's offer to repair the mismatched paint was rejected by Plaintiff, who instead requested monetary compensation; (3) the alleged gauge defects on the instrument panel occurred outside of the warranty period; (4) the alleged defects regarding sticky rubber components occurred outside of the warranty period; and (5) the one-year extension of the warranty constituted an accord and satisfaction. Stoebner claims that further discovery is needed to determine whether the instrument panel gauges fall within the warranty and seeks a continuance under Federal Rule of Civil Procedure 56(f).

Based on the following, the court DENIES Lamborghini's motion with respect to whether or not Stoebner is a "consumer" under the MMWA and as to the breach of warranty claim based on a defective drivetrain or transmission. The court GRANTS Lamborghini's motion as to Stoebner's breach of warranty claims based on the Murcielago's mismatched paint and sticky rubber components. The court GRANTS Stoebner's request for a Rule 56(f) continuance in order to conduct further discovery on the instrument panel defects.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Nevertheless, "summary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (*quoting Celotex*, 477 U.S. at 322).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

///

///

6

# IV.  ANALYSIS

## A.  Magnuson-Moss Warranty Act Claim

Lamborghini claims that Stoebner is not a "consumer" entitled to relief under the MMWA because it purchased the Murcielago for resale.  Stoebner claims that it purchased the vehicle for personal use and not to resell it.

### 1.    Statutory definition

The MMWA authorizes civil suits by a "consumer" to enforce the terms of an express warranty.  *See* 15 U.S.C. § 2310(d)(1) ("[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief[.]").

Under the MMWA, "consumer" is defined as:

> [A] buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

15 U.S.C. § 2301(3).

Lamborghini argues that Stoebner is not a consumer under the first category[3] -- "a buyer (other than for purposes of resale) of any consumer product" -- because Stoebner purchased the car for the purpose of reselling it.  Stoebner disagrees and asserts that it is both a "Category 1" consumer (because it did not purchase the car in order to resell it) and a "Category 3" consumer (because it is entitled under state law to enforce the warranty).

### 2.    *Stoebner's Status as a "Category 1" Consumer*

Lamborghini argues that because Stoebner Motors, Inc. (a car dealership) paid Hawaii's one-half percent general excise tax rate instead of the four-percent rate for retail purchases, it necessarily purchased the vehicle for resale.[4]  Stoebner, on the other hand, claims that it had no choice because the seller (Audi of Hawaii) imposed the excise tax and Stoebner, in fact, did not intend to resell the vehicle.  The court is not persuaded by Stoebner's argument that it had no choice in the tax rate and therefore should not be treated as a wholesaler; sellers routinely pass the general excise tax on to buyers, and Stoebner knowingly paid and received the benefit of the lower general excise tax rate.

_____

[3] The statute itself does not delineate "categories" of consumers.  For ease of discussion, however, courts have enumerated three different categories within the statute's definition.

[4] In July 2002, there were two general excise tax rates in Hawaii: one-half percent for wholesalers, *see* Hawaii Revised Statutes ("HRS") § 237-13(2)(A) (2002), and four percent for retail sales to a "purchaser and not for resale," *see* HRS § 237-16 (2002).

The fact that Stoebner paid the wholesale general excise tax rate, however, is not determinative of its status in this instance.  The payment of the one-half percent rate could mean what Lamborghini claims it means -- namely, that Stoebner purchased the car as a seller of cars in order to resell it.  On the other hand, the imposition of the one-half percent rate could have been an error, based on Morrie Stoebner's deposition testimony that "[a]ll I know is that it's a half-percent tax from one dealer to another," *see* Def's. Ex. B at 25, or an outright attempt to avoid payment of the four percent general excise tax by Stoebner.

In any event, Stoebner has come forward with specific facts showing that there is a genuine issue for trial.  According to Morrie Stoebner,  the Murcielago was "never intended to be placed on the used car lot of Honda Windward for resale and never was"; nor was it marketed for sale.  Stoebner Decl. ¶ 23.  Instead, the Murcielago was purchased with the intent of being driven by Morrie Stoebner and was driven only by him, his relatives, and service people since its purchase.  Stoebner Decl. ¶ 26.  Further, Morrie Stoebner kept the car at his home, but when it was at his dealership, it was parked in a storage area in the basement and not on display for sale.  Stoebner Decl. ¶ 28.

On balance, this evidence is sufficient at the summary judgment stage to create a genuine issue of fact as to whether Stoebner purchased the Murcielago

for purposes other than resale.  Lamborghini's motion is DENIED as to its claim

that Stoebner is not a "consumer" under the MMWA.[5]

**B.     Breach of Warranty Based on Defective Drivetrain and/or Transmission**

Lamborghini claims that it did not breach the express limited

warranty because the problems with the drivetrain have been repaired.

Lamborghini cites Morrie Stoebner's deposition testimony that he "didn't hear the

grinding noise" after the last attempted repair in February 2005 as support for its

claim.  Def's. Ex B at 82-84, 94, 103.  Morrie Stoebner's deposition testimony,

however, is not conclusive on this point; in fact, he stated that he did not drive the

car much after February 2005, and that, "the grinding noise was always

intermittent.  It came, it came and went. . . . [S]o I don't know if it's repaired or

not."  Def's. Ex. B. at 84.  He also testified that, at present, he does not know if

there are any problems with the transmission, because the problems were

"intermittent" and "he very rarely ha[s] driven the car ever since that time."  Def's.

Ex. B. at 103.

---

[5] Stoebner also argues that it qualifies as a "Category 3" consumer because, as a "user" of the vehicle, he is covered by the warranty under Hawaii law.  Given the court's ruling as to the "Category 1" consumer claim and because the parties have not fully briefed the "Category 3" issue, the court declines to address Stoebner's argument that it is a "Category 3" consumer.

Viewing the evidence in the light most favorable to Stoebner, Lamborghini has failed to establish that the Murcielago's transmission problems were "repaired" under the warranty.  It is not clear whether or not the car made the identical grinding noises after the last repair.

Further, as Stoebner points out, the car was cumulatively out of service for a year.  This raises the issue of whether the drivetrain and/or transmission problems were repaired or replaced "within a reasonable time," as required by the warranty.  *See* Def's. Ex. A.  On the current record, the court cannot say whether or not the warranty was breached.  In sum, Lamborghini has not met its burden of showing that there is no genuine issue of material fact with respect to the drivetrain and/or transmission defects.

## C.     Breach of Warranty Based on Mismatched Paint

With respect to the mismatched paint panels, Stoebner acknowledges that Lamborghini offered to re-paint the Murcielago, but that Stoebner rejected the offer to cure the defect because it preferred monetary compensation. Lamborghini, therefore, has not breached the express warranty; it offered to repair the defect under the warranty and has not been given the opportunity to do so by Stoebner.  *See* 15 U.S.C. § 2310(e); *Atchole v. Silver Spring Imports, Inc*., 379 F. Supp. 2d 797, 800 (D. Md. 2005) (holding that "no action for breach of express or

implied warranty may be brought under the act 'unless the person obligated under the warranty...is afforded a reasonable opportunity to cure such failure to comply'") (*quoting* 15 U.S.C. § 2310(e)); *see also* HRS § 490:2-508 (outlining a seller's right to cure under Hawaii law).

The court also rejects Stoebner's claim that the repair and replace warranty failed of its essential purpose because "repainting a vehicle is never a substitute for [a] factory paint job." Pl's. Mem. Opp. 13. HRS § 490:2-719(2) provides that, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act." Thus, a "warranty fails for its essential purpose where unanticipated circumstances preclude the seller from providing the buyer with the remedy to which the parties agreed, in which event the buyer is entitled to seek remedies under the standard UCC warranty provisions." *Pidcock v. Ewing*, 435 F. Supp. 2d 657, 662 (E.D. Mich. 2006) (*quoting Severn v. Sperry Corp.*, 212 Mich. App 406, 538 N.W.2d 50 (1995); *see also Earl M. Jorgensen Co. v. Mark Const., Inc.*, 56 Haw. 466, 477, 540 P.2d 978, 986 (1975) ("A limitation of remedies clause fails ..., when the seller or other party required to provide the remedy, by its action or inaction, causes the remedy to fail."); *Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 392 (9th Cir. 1983) (under New York's UCC § 2-719(2),

warranted goods must fail to perform to specifications "despite the seller's efforts to repair.").

Here, Stoebner reported the paint defect and Lamborghini agreed to repaint the vehicle as required by the warranty. Stoebner refused Lamborghini's offer to comply with the terms of the warranty, apparently believing that repainting would diminish the Murcielago's value. Thus, this is not a case in which the warrantor was unable to repair successfully the defect. Instead, the warrantor was denied an opportunity to repair. Under these circumstances, Stoebner cannot claim that Lamborghini's warranty failed of its essential purpose.

Lamborghini's motion is GRANTED with respect to the paint defects as to Counts 1 and 2.

## D.    Breach of Warranty Based on Instrument Panel Gauges

### 1.    *Timing of the Defect*

The express written warranty expired on July 13, 2005. During the warranty period, the instrument panel was apparently repaired twice: once under a service bulletin regarding the fuel gauge and once because Stoebner complained of noises coming from the instrument panel. Pl's. Ex. A at C00031, C00043. Stoebner claims that, because the car was driven infrequently after the last attempted repair, the total failure of the instruments did not occur until 2006 --

after the warranty's expiration.  According to Stoebner, a question of fact exists as to whether the instrument panel repairs performed during the warranty period were defective, thereby causing the panel gauges to fail.  To this end, Stoebner requests a Rule 56(f) continuance on this limited issue.

### 2. *Rule 56(f) Continuance*

Under Federal Rule of Civil Procedure 56(f):

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Stoebner's counsel's declaration states:

> The issue of the instrument panel failure needs further discovery.  The instruments were worked on during the warranty period and the vehicle was taken in recently.  The dealer claims that all the instruments have to be replaced rather than a simple fuse or wiring problem.  Depositions of the persons who worked on the vehicle will have to be taken to determine the cause of the failure and whether the dealer was responsible for the ultimate failure of the instruments.

14

Kemper Decl. ¶ 5.

At the hearing, Stoebner's counsel further elaborated that the source of the gauge failure is unclear and that he needed to depose service staff involved in repairing the instrument panel to determine whether those repairs caused the total gauge failure.

The court GRANTS Stoebner's request for a Rule 56(f) continuance in order to allow limited discovery on the source of the gauge failures and earlier repair work performed by the dealer.  The discovery cutoff date is August 16, 2007.  Lamborghini is given leave to file a dispositive motion on the instrument panel defects by September 17, 2007.

**E.      Breach of Warranty Based on Sticky Rubber Components**

With respect to the sticky rubber components, Lamborghini asserts that the defects did not occur during the warranty period and that it has had no opportunity to repair them.  According to Lamborghini, the only specific evidence of the date of these defects occurring is in 2007 and there is no repair order indicating that Stoebner complained about the condition during the warranty period.

Stoebner responds that the problem "may have been reported to the dealer during the warranty period," but provides no other evidence.  Stoebner Decl. ¶ 17.  Mere speculation does not create a factual dispute for purposes of summary judgment.  *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).  Stoebner's speculative assertion is therefore insufficient to defeat summary judgment.

Lamborghini's motion is GRANTED with respect to the sticky rubber components as to Counts 1 and 2.[6]

## F.    Accord and Satisfaction

Lamborghini unpersuasively argues that, because Stoebner received a one-year extension of the warranty, that there was an accord and satisfaction.  Under Lamborghini's reasoning, a "remedy" was offered and accepted by Stoebner for the warranty claims, hence, Stoebner cannot now claim breach.

Lamborghini sets forth no evidence that Stoebner accepted the one-year extension as a compromise for the defects in the Murcielago, thereby discharging Lamborghini's duties under the warranty.  *See Romero v. Star Markets, Ltd.*, 82 Haw. 405, 416, 922 P.2d 1018, 1029 n.12 (Haw. Ct. App. 1996)

---

[6] Stoebner also argues that the sticky rubber components are latent defects that should be covered under an implied warranty.  Stoebner has waived any implied warranty claim.  *See Stoebner Motors, Inc.*, 459 F. Supp. 2d at 1035 n.4 (noting that Stoebner is only pursuing claims for breach of Lamborghini's express warranty, and not for breach of an implied warranty).

("An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligator's existing duty.  Performance of the accord discharges the original duty.").  Further, there is no evidence that all of the defects were known to the parties at the time Lamborghini extended the warranty. On the current record, Lamborghini has not met its burden for summary judgment on the grounds of accord and satisfaction.

## V.  CONCLUSION

In conclusion, the court DENIES Lamborghini's motion with respect to whether or not Plaintiff is a "consumer" under the MMWA and as to the breach of warranty claim based on the drivetrain or transmission.  The court GRANTS Lamborghini's motion as to Stoebner's breach of warranty claims based on the mismatched paint and the sticky rubber components.  Finally, the court GRANTS Stoebner's request for a Rule 56(f) continuance to allow discovery regarding the instrument panel gauge defects.  Defendant is given leave to file a dispositive motion with respect to the instrument panel gauges by September 17, 2007, if necessary.

As a result of the court's ruling, the following claims remain: Stoebner's breach of express warranty claims under the MMWA and Hawaii law

17

based on the drivetrain and/or transmission defects and Stoebner's claims regarding the instrument panel gauge defects remain, pending further discovery.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 28, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A. et al.*, Civ. No. 06-00446 JMS/LEK, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Granting Plaintiff's Limited Fed. R. Civ. P. 56(f) Request