IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STOEBNER HOLDINGS, INC., ) | CIVIL NO.  06-00446 JMS/LEK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART DEFENDANT'S |
| vs. ) | MOTION IN LIMINE NO. 2 TO |
| ) | PRECLUDE TESTIMONY BY |
| AUTOMOBILI LAMBORGHINI ) | MORRIS STOEBNER REGARDING |
| S.P.A.; JOHN DOES 1-10; JANE ) | LOSS OF VALUE TO THE |
| DOES 1-10; DOE CORPORATIONS ) | MURCIELAGO |
| 1-10; DOE PARTNERSHIPS 1-10; ) | |
| DOE JOINT VENTURES 1-10; AND ) | |
| DOE LIMITED LIABILITY ) | |
| COMPANY 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE NO. 2 TO PRECLUDE TESTIMONY BY MORRIS STOEBNER REGARDING LOSS OF VALUE TO THE MURCIELAGO**

**I. INTRODUCTION**

Defendant Automobili Lamborghini S.P.A.'s ("Defendant") Motion in Limine No. 2 asks the court to exclude the testimony of Morris Stoebner ("Stoebner") regarding the value of the 2002 Lamborghini Murcielago on the basis that it is untimely, the witness is unqualified, and the evidence is not probative. Defendant's motion is GRANTED to the extent that Stoebner's lay opinion testimony is based on hearsay, expert testimony, or alleged non-drivetrain and/or

transmission defects not relevant at trial.  The motion is DENIED to the extent it seeks to prevent Stoebner from testifying entirely regarding the value of the vehicle.[1]

## II. BACKGROUND

After the August 16, 2007 discovery deadline, Plaintiff Stoebner Holdings, Inc. ("Plaintiff") filed a Second Amended Response to Defendant's First Request for Answers to Interrogatories on September 5, 2007.  *See* Def.'s Ex. A. In response to interrogatory number 6, seeking (1) the nature and amount of damages sustained, and (2) a description of how Plaintiff arrived at the amount of alleged damages, Plaintiff responded that Stoebner (the owner of Plaintiff Stoebner Holdings, Inc.), had arrived at a damages calculation of $70,000, as follows:

> Based on the owner of plaintiff's experience in the car business, he believes that the car is currently $70,000 less valuable than it should be because of its repair history.  The owner of the plaintiff recently contacted a mainland Lamborghini dealer and that dealer was very wary of trying to sell the car with that service history.  The dealer indicated it might take the car on consignment and try to sell it for

---

[1] The court's ruling on Defendant's Motion in Limine No. 2 renders MOOT a portion of Defendant's Motion in Limine No. 6, which seeks to preclude as untimely and speculative the evidence set forth in Plaintiff's supplemental discovery responses.  Specifically, this Order moots only the portion of Motion in Limine No. 6 addressing testimony that "The owner of the Plaintiff (Morrie Stoebner) believes that the car is $70,000 less valuable." Def.'s Mot. in Limine No. 6 at 3, 6.

>     $115,000 to $120,000 and would take a 10 percent commission
>     plus another 5 percent fro [sic] marketing expense.

Def.'s Ex. A at 3.  Plaintiff indicates in response to interrogatory number 9 that "Morrie Stoebner will testify about the purchase price of the vehicle, the use of the vehicle, damages, and the problems he has had with it." *Id.* at 4.  Defendant asks the court to preclude Stoebner from testifying regarding the value of the Murcielago.

### III.  DISCUSSION

**A.     Stoebner's Proposed Testimony Is Impermissible Under Federal Rule of Evidence 701**

>    Federal Rule of Evidence 701 provides:
>
>    If the witness is not testifying as an expert, the witness'
>    testimony in the form of opinions or inferences is limited to
>    those opinions or inferences which are (a) rationally based on
>    the perception of the witness, (b) helpful to a clear
>    understanding of the witness' testimony or the determination of
>    a fact in issue, and (c) not based on scientific, technical, or
>    other specialized knowledge within the scope of Rule 702.

   Stoebner's proposed testimony, as set forth in Plaintiff's Second Amended Response to Defendant's First Request for Answers to Interrogatories filed on September 5, 2007, is not proper lay opinion testimony; instead, it relies on hearsay or expert testimony and is irrelevant to the extent it includes alleged defects not related to the alleged drivetrain and/or transmission defects.

1.   *Stoebner May Not Rely On Hearsay*

Stoebner may not rely on hearsay as a lay witness offering opinion testimony. *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony").

As currently set forth, Stoebner based his opinion on hearsay:

> The owner of the plaintiff recently contacted a mainland Lamborghini dealer and that dealer was very wary of trying to sell the car with that service history. The dealer indicated it might take the car on consignment and try to sell it for $115,000 to $120,000 and would take a 10 percent commission plus another 5 percent fro [sic] marketing expense.

Def.'s Ex. A at 3.

Plaintiff has not set forth any hearsay exception that would make the proffered testimony otherwise admissible. To the extent Stoebner formulated his belief that the car was devalued by $70,000 based on what he was told by the Lamborghini dealer in California, the testimony is excluded as hearsay.

2.   *Stoebner's Opinion May Not Encompass Non-Drivetrain Defects*

Plaintiff asserts that Stoebner "believes that the car is currently $70,000 less valuable than it should be *because of its repair history*." Def.'s Ex. A. To the extent Stoebner's opinion regarding the value of the car is based on the

car's *entire* repair history, including other alleged defects not part of this trial (*i.e.*, mismatched paint, sticky rubber components, or broken instrument panel gauges), he may not so testify. Stoebner's opinion may encompass only the alleged drivetrain and/or transmission defects with respect to the value of the car.

### 3.  *Stoebner May Not Provide Expert Testimony*

According to Plaintiff: "Mr. Stoebner is not your average car owner. He has had 35 or more years experience in the car business and thereby has more than sufficient experience to talk about the value of a vehicle. In other words, he is conversant on a daily basis about the factors that could affect the value of his own vehicle as well as others." Pl.'s Opp'n 2. To the extent Plaintiff includes this argument in order to qualify Stoebner as an expert witness, it is precluded from so doing at this point in the litigation.

### B.  Stoebner's Lay Opinion Testimony Is Not Entirely Precluded

Defendant argues that Stoebner's beliefs underlying the $70,000 loss of value figure provided in Plaintiff's supplemental discovery response are not facts that he has personally seen or heard, and further, that such facts are within the province of expert testimony and are based on hearsay. Def.'s Br. 4. Plaintiff responds that an owner of personal property may give testimony about the value of

his property.  Pl.'s Opp'n 3-6.  In this case, however, the Murcielago is owned by Plaintiff Stoebner Holdings, Inc., which in turn is owned by Stoebner.

Generally, the owner or officer of a business may testify as to the value or profits of a business.  The Advisory Committee Notes to the 2000 amendments to Rule 701 indicate that:

> most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert.  *See, e.g.*, *Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business).  Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.

*See also United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006) (holding that Rule 701 is "meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job"); *Texas A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 403 (5th Cir. 2003) ("Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert."); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.,* 320 F.3d 1213, 1223 (11th Cir. 2003) (allowing lay

witness testimony by plaintiff's employees and/or officers regarding industry pricing where it was not based on specialized knowledge, but was based upon witnesses' particularized knowledge garnered from years of experience within the field, and their testimony was helpful to the district judge in bench trial and relevant to the issues presented in the case); *Downeast Ventures, Ltd. v. Washington County*, 450 F. Supp. 2d 106, 109-11 (D. Me. 2006) (holding that if a sufficient foundation has been established, a corporate employee may render a lay opinion as to the value of corporate property); *Servicios Aereos Del Centro S.A. de C.V. v. Honeywell Int'l, Inc.*, 2006 WL 2709836, at *1 (D. Ariz. Aug. 23, 2006) (allowing a company's president to offer lay opinion testimony regarding the value of jet engines owned by the company, observing that "in its discussion of Rule 701, a leading treatise indicates that 'lay opinion has also been received on a myriad of subjects having to do with the nature or condition of objects.  Thus, lay witnesses have been permitted to give opinions as to appearance of objects, condition of an accident site, value of property or profits . . . and related matters." (*citing* Wright and Gold, *Federal Practice & Procedure: Evidence* § 6255 (1997 ed.)).

    Because Stoebner is the owner of the Plaintiff company, he can testify as to value, provided the testimony is properly within the scope of Rule 701.  To

the extent Stoebner's opinion regarding value is rationally based on his perception, helpful to the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge, he is permitted to testify.  Of course, Defendant may properly inquire into the basis for Stoebner's opinion on cross-examination.

### IV.  CONCLUSION

Defendant's motion is GRANTED in that Stoebner may not provide lay opinion testimony based on hearsay, matters properly within the realm of expert testimony, or alleged non-drivetrain defects not relevant at trial.  The motion is DENIED to the extent it seeks to prevent Stoebner from testifying entirely regarding the value of the vehicle.[2]

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A. et al.*, Civ. No. 06-00446 JMS/LEK, Order Granting in Part and Denying in Part Defendant's Motion in Limine No. 2 to Preclude Testimony by Morris Stoebner Regarding Loss of Value to Murcielago

---

[2] At the November 29, 2007 hearing, the court granted Defendant leave to take the deposition of Stoebner at Plaintiff's expense.