IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STOEBNER HOLDINGS, INC., | ) Civ. No.06-00446 ACK-LEK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| AUTOMOBILI LAMBORGHINI, S.P.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ORDER RE. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS 109, 145**

**BACKGROUND**

In July 2002, Plaintiff Stoebner Holdings, Inc. ("Stoebner") purchased a Lamborghini Mucielago ("Murcielago") from Audi of Hawaii for $285,579.31. Stoebner claims that the manufacturer, Defendant Lamborghini Automobili S.P.A. ("Lamborghini") breached the vehicle's written warranty in violation of federal and state law.

In the order issued June 28, 2007, Judge Seabright held that the only claims remaining are Plaintiff's breach of express warranty claims under the Magnuson-Moss Warranty Act (MMWA) and Hawaii law based on drivetrain and/or transmission defects.[1] See

---

[1] The court also allowed Plaintiff to conduct further discovery regarding a claim based on alleged defects in the dashboard instrument panel. Id. On October 9, 2007, the Parties

1

Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 2007 WL 1933121, at *7 (D. Haw. 2007).

On November 28, 2007, Plaintiff filed Objections to Defendant's Exhibits and Defendant filed Objections to Plaintiff's Exhibits. Among other objections, Plaintiff objected to Defendant's Exhibits 109 and 145. A pretrial conference and hearing on the objections was held December 6, 2007 at 9:30 a.m..

### DISCUSSION

Defendant's Exhibit 109 contains a Hawaii lemon law rights claim signed by Morris Stoebner on July 13, 2002. Defendant's Exhibit 145, contains a letter from the Regulated Industries Complaints Office, Department of Commerce and Consumer Affairs for the State of Hawaii, in which Mr. Stoebner's application for lemon law arbitration was turned down because the vehicle is owned by a business that purchases more than one vehicle per year. Plaintiff objects that this is not a state lemon law case, and that these exhibits would be confusing to the jury and are irrelevant.

It is not clear what the relevance of Exhibits 109 or 145 is.  At the hearing, Defendant's counsel argued that Exhibit 109 is relevant to show that the buyer was Stoebner Holdings, Inc. d.b.a. Honda windward.  That fact is not in dispute.

---

stipulated to dismiss with prejudice Plaintiff's claims regarding the instrument panel.

Defendant argued that Exhibit 145 shows Plaintiff's state of mind that it did not want the car, but was seeking recission. Thus, Defendant argued, it is evidence that Plaintiff suffered no loss when the vehicle was out of service.  The Court finds this argument unconvincing.  A person can simultaneously be seeking remedies under a lemon law and suffer losses by being deprived of the use of the vehicle while it is being repaired.  Any reference to a state lemon law complaint, which is not at issue in this case, is potentially confusing to the jury under Rule 403.  The minimal probative value is outweighed by the danger of unfair prejudice and confusion under Rule 403.

   Moreover, in Defendant's Motion in Limine No. 3, Defendant pointed to a Honolulu Advertiser article from October 25, 2007, which was published with the headline "Even a Lamborghini can be a lemon." Defendant argued that the article was evidence that Plaintiff was "seeking to inject such irrelevant matters at trial," and stated that "[t]he fact that Plaintiff was informed by the State of Hawai'i before it filed the instant lawsuit that it could not pursue a Lemon law claim, makes its president's statement to the press even more egregious." See Defendant's Motion in Limine No. 3 at 3. Since Defendant strenuously objected to Plaintiff's introduction of evidence of, among other things, a state lemon law claim, Defendant will not be allowed to submit its own evidence of

Plaintiff's lemon law rights.

Plaintiff's Objection to Defendant's proposed exhibits 109 and 145 is sustained.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, December 7, 2007.



_____
Alan C. Kay
Senior United States District Judge

Stoebner Holdings, Inc. v. Automobili Lamborghini S.P.A., Civ. No. 06-00446, Order Re. Plaintiff's Objections to Defendant's Exhibits 109, 145.